# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle, Sr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3335 | **DATE** | 5-15-13 |
| **CASE TITLE** | Orlando Allen (#2013-0128051) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $8.15 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the supervisor of inmate trust fund accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, Plaintiff is directed to show cause as to why this case should not be dismissed because he comes within the definition of the class established in *John Smentak v. Sheriff of Cook County*, Case No. 09 C 0529 (N.D.Ill) (Lefkow, J.) Failure to respond within thirty days of the date of this order will result in summary dismissal of this case.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Orlando Allen, presently in custody of the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, Tom Dart and 2 John Doe medical personnel at the Jail violated his constitutional rights by failing to provide him with adequate dental care, on intake at the Cook County Jail, and thereafter. More specifically, Plaintiff claims that he suffers from an impacted wisdom tooth and has requested assistance in person and in writing at the Jail.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $8.15. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

However, Plaintiff's sole claim in this case places him firmly within the definition of a class certified in a class action presently pending in the Northern District of Illinois: *John Smentak v. Sheriff of Cook County*, Case No. 09 C 0529 (N.D.Ill) (Lefkow, J.) The class certified in *Smentak* was defined as "all inmates housed at the

**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

Cook County Department of Corrections on or after January 1, 2007, who have made a written request for dental treatment because of acute pain and who suffered prolonged and unnecessary pain because of lack of treatment." *Id.* The class in *Smentak* was certified pursuant to FED R. CIV. P. 23(b)(3). *Id.* As Plaintiff comes within the definition of the class in *Smentak*, and there is no evidence in the record that he has made a timely election to opt out, it appears that he is included in that class. In class actions certified under FED R. CIV. P. 23(b)(3), members of a class are "automatically included and remain so unless they make a timely election to opt out." *Sperling v. Hoffman-LaRoche, Inc.*, 24 F.3d 463, 470 (3rd Cir. 1994). *See also Turner v. Publishers Clearing House Executives*, 39 Fed. Appx. 446, 447 (7th Cir. 2002).

   Accordingly, Plaintiff is ordered to show cause within thirty days of the date of this order why this case should not be dismissed as he is a member of the class in *Smentak*, and he did not timely opt out of the certified class there. If Plaintiff has opted out, he should provide the Court with a copy of the document he submitted, timely opting out of the class. If Plaintiff does not comply with this order within thirty days, this case will be terminated on the understanding that Plaintiff is no longer interested in pursuing his claims here, but will be pursuing his claims as a class member in *Smentak*.